IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:08CV41-V
(5:03CR4)

| | |
|---|---|
| **RODERICK WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Provide Movant with Transcripts, Documents and Exhibits As Provided by Rule 6 of the Rules Governing 28 U.S.C., filed May 19, 2008 (document # 2); on his Motion to Supplement Pursuant to Federal Rules of Civil Procedure, Rule 15, filed June 24, 2008 (document # 8); on his Motion to Supplement Pursuant to Federal Rules of Civil Procedure, Rule 15(d), filed August 28, 2008 (document # 17); on his second and third Motions to Supplement Pursuant to Federal Rules of Civil Procedure, Rule 15(a), both filed September 9, 2008 (document ## 18 and 19); and on Respondent's third Motion for Extension of Time, filed September 15, 2008 (document # 20).

Petitioner filed his Motion to Vacate under 28 U.S.C. § 2255, his supporting memorandum and exhibits on May 19, 2008. Such 320-page document raises approximately nine claims for the Court's review. By his Motion for transcripts, documents and exhibits, Petitioner is seeking "'all discovery' associated with the July 25, 2002 crime scene which may be located within the government's possession and/or SBI crime lab located in Raleigh, NC." In support of his request, Petitioner cites, inter alia, Brady v. Maryland, 373 U.S. 83 (1973), and asserts that

the requested information is relevant to two of his claims by which he challenges his attorney's alleged mis-handling of certain blood evidence and the prosecutor's alleged use of false testimony.

However, aside from the fact that <u>Brady</u> is applicable in the criminal context and Petitioner's request is being raised in this civil proceeding, Petitioner does not specifically identify exactly what evidence he is seeking. As such, Petitioner's Motion appears to be little more than an attempt to go on a fishing expedition. On June 24, 2008, Petitioner filed his first Motion seeking leave to Supplement his Motion under Rule 6 (document # 8). In support of that Motion to Supplement, Petitioner asserts that "permitting leave to file supplement to Rule 6 Discovery Motion inevitably will assist this [C]ourt with finding there exists a 'reasonable necessity' to provide Movant with requested discovery." Then, on August 28, 2008, Petitioner filed a second Motion to Supplement his Rule 6 Motion, (document # 17), that time reporting that "permitting leave to file supplement[] to Rule 6 Discovery Motion inevitably will assist this [C]ourt with finding there exists a 'reasonable necessity' to provide Movant with court appointed counsel." However, because Petitioner has failed even to hint at what additional matters he wants the Court to consider in connection with his Motion under Rule 6 and his Motion for Counsel already has been denied, his Motions for Leave (document ## 8 and 17) will be <u>dismissed</u> as moot. Furthermore, because Petitioner has failed to meet the specificity requirement of Rule 6, his Motion for transcripts, documents and exhibits (document # 2) will be denied without prejudice to his ability to re-file such Motion with all of the information he wants the Court to consider.

Additionally, on September 9, 2008, Petitioner filed a Motion to Supplement his Motion to Vacate (document # 18). By that Motion, Petitioner seeks permission to include claims that: (1) his trial attorney was ineffective for having failed to recall a particular witness in order to

impeach that witness' testimony; (2) appellate counsel was ineffective for having raised a "clearly weaker claim" challenging the sufficiency of the evidence as oppose to raising "significant and obvious issue (Due Process issue)." Upon its own consideration of this matter, the Court finds that Petitioner's proposed claim challenging trial counsel's failure to recall a witness for impeachment purposes is both sufficient and relates back to his original claim that counsel mishandled that witness and/or the evidence presented by the witness. Consequently, Petitioner's Motion will be <u>granted</u>, but only for the purpose of allowing him to supplement his Motion to Vacate to include that allegation. On the other hand, the Court is not at all clear about what Petitioner is seeking to argue by his second proposed claim. Therefore, Petitioner's Motion to Supplement his Motion to Vacate will be <u>denied</u> as to such second proposed claim. Likewise, Petitioner's second Motion to Supplement, which merely reiterates his request to supplement his Motion to Vacate will be <u>dismissed</u> as moot.

Finally, Respondent has filed a third Motion for Extension of Time seeking up to and including October 15, 2008 in which to file its responsive pleading. For good cause shown, a final extension of time of up to October 31, 2008 will be <u>granted</u>. Respondent's response should include an answer to the additional claim (as herein identified) which is set forth in Petitioner's Motion to Supplement Motion to Vacate (document # 18).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Transcripts, Documents and Exhibits (document # 2) is **DENIED**;

2. Petitioner's Motions To Supplement his Motion for Documents (document ## 8 and 17) are **DISMISSED as moot**;

3. Petitioner's Motion to Supplement his Motion to Vacate (document # 18) is

**GRANTED in part and DENIED in part**.  Petitioner may amend his Motion to Vacate to include a claim that trial counsel was ineffective for his alleged failure to recall the subject law enforcement witness for the purpose of impeaching his testimony;

    4.  Petitioner's second Motion to Supplement his Motion to Vacate (document # 19) is **DISMISSED as moot**; and

    5.  Respondent's third Motion for Extension of Time (document # 20) is **GRANTED**.  The Government shall have a final extension of up to and including October 31, 2008, in which to file its responsive pleading.  Such responsive pleading must address the additional claim which is set forth in Petitioner's Motion to Supplement (document # 18).

    **SO ORDERED**.

Signed: September 17, 2008

Richard L. Voorhees
United States District Judge