**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:08-cv-41-FDW**
**(5:03-cr-4-FDW-DSC-8)**

| | |
|---|---|
| **RODERICK LAMAR WILLIAMS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) |
| | )       **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |
| _____ | ) |

    **THIS MATTER** comes before the Court on four *pro se* motions to re-open and reconsider the 28 U.S.C. § 2255 proceedings. (Doc. Nos. 91, 92, 94, 96).

## I.    BACKGROUND

    Petitioner was convicted by a jury in the underlying criminal case of conspiracy with intent to distribute at least five kilograms of cocaine and at least fifty kilograms of cocaine base; possession of at least 500 grams of cocaine with intent to distribute and aiding and abetting; and two counts of possession of a firearm during and in furtherance of a drug trafficking crime and aiding and abetting. (5:03-cr-4, Doc. Nos. 340, 364). The Court sentenced him to life imprisonment. (5:03-cr-4, Doc. No. 641). The Fourth Circuit Court of Appeals affirmed his convictions and sentences on direct appeal. United States v. Williams, 225 Fed. Appx. 151, 154 (4th Cir. 2007). The United States Supreme Court denied certiorari. Williams v. United States, 550 U.S. 978 (2007).

    On May 19, 2008, Petitioner filed a § 2255 Motion to Vacate in the instant case, raising

multiple claims of ineffective assistance of trial and appellate counsel.[1] (Doc. No. 1). The Court denied the petition on the merits, <u>Williams v. United States</u>, 2012 WL 4804898 (W.D.N.C. Oct. 9, 2012), and the Fourth Circuit dismissed his appeal, <u>United States v. Williams</u>, 527 Fed. Appx. 261 (4th Cir. June 10, 2013).

Petitioner filed a second § 2255 Motion to Vacate raising a sentencing issue, case number 5:13-cv-108. The Court dismissed it as an unauthorized second or successive petition, <u>Williams v. United States</u>, 2013 WL 4083274 (W.D.N.C. Aug. 13, 2010), and the Fourth Circuit denied a certificate of appealability and dismissed his appeal, <u>United States v. Williams</u>, 564 Fed. Appx. 10 (4th Cir. 2014).

Petitioner filed a third § 2255 Motion to Vacate, case number 5:14-cv-81, that the Court dismissed as successive. <u>Williams v. United States</u>, 2014 WL 2587480 (W.D.N.C. June 10, 2014). The Fourth Circuit denied a certificate of appealability and dismissed his appeal, <u>United States v. Williams</u>, 584 Fed. Appx. 64 (4th Cir. 2014), and the United States Supreme Court denied certiorari, <u>Williams v. United States</u>, 135 S.Ct. 259 (2014).

---

[1] He argued in his § 2255 petition and multiple supplements that: (1) trial counsel failed to have the evidence regarding his history with a drug organization suppressed; (2) trial counsel failed to file motions to correct "Affiant Ramsey's false testimony," and failed to "properly make [a] specific Franks argument" as Petitioner requested; (3) trial counsel refused Petitioner's request for a blood splatter expert to examine a plastic bag and other items which were admitted as evidence; (4) trial and appellate counsel failed to raise a Fourth Amendment search and seizure claim challenging the evidence that was obtained during a traffic stop; (5) trial counsel allowed false and/or conflicting testimony from certain witnesses during both Petitioner's suppression hearing and his trial; (6) trial and appellate counsel failed to challenge the instructions which allowed the jury to determine the quantity of cocaine or cocaine base which was involved in the entire conspiracy, rather than the quantities which were attributable to Petitioner; (7) trial counsel withdrew from the case during sentencing, thereby compelling Petitioner to proceed pro-se; (8) trial counsel precluded Petitioner's efforts to raise Apprendi-based objections to his Career Offender designation, and objections to the use of the term "cocaine base" in his Indictment; and (9) appellate counsel labored under an "active conflict of interest" by virtue of his belief that Petitioner is guilty; (10) trial counsel failed to recall a witness for the purpose of impeaching that witness' testimony; (11) **trial counsel as ineffective for failing to have an expert examine blood evidence and/or seek the exclusion of unreliable blood evidence**; (12) appellate counsel failed to challenge the unreliability of the blood evidence; (13) **trial counsel failed to obtain "necessary documents" from a correctional facility to establish the falsity of Analyst Brenda Bessette's testimony by showing that Petitioner's DNA was already in the N.C. database**; and (14) appellate counsel failed to raise a due process claim on the basis of that testimony. <u>See</u> <u>Williams</u>, 2011 WL 814794 at *2 (W.D.N.C. Feb. 25, 2011) (emphasis added).

Petitioner filed a fourth § 2255 Motion to Vacate, case number 5:14-cv-129, that the Court dismissed as successive. Williams v. United States, 2014 WL 12600962 (W.D.N.C. Sept. 30, 2014).

Petitioner filed a fifth § 2255 Motion to Vacate after having received leave from the Fourth Circuit to raise a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), case number 5:16-cv-132. The Court denied relief pursuant to Beckles v. United States, 137 S.Ct. 886 (2017). Williams v. United States, 2017 WL 3528543 (W.D.N.C. Aug. 16, 2017). The Fourth Circuit denied a certificate of appealability and dismissed his appeal. United States v. Williams, 704 Fed. Appx. 294 (4th Cir. 2017).

On April 22, 2015, Petitioner filed in the instant civil case a Motion seeking relief from judgment and to "Re-Urge" his § 2255 petition pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 91). He argues that the Court failed to address the following claims when it denied his 2008 § 2255 petition: (1) counsel was ineffective for failing to file a proper pretrial motion to dismiss Count (1) on limitations grounds; (2) counsel was ineffective for failing to properly impeach Lt. Johnson's direct examination testimony; (3) Petitioner's sentence violates due process because it is premised on false information.

On July 5, 2016, Petitioner filed the pending Motion seeking relief from judgment and to re-open the § 2255 proceedings pursuant to Rule 60(b)(3). (Doc. No. 92). He argues that he received newly discovered evidence on October 24, 2015, that the SBI analyst switched DNA samples in this case and reported a false DNA match in the final lab report, which warrants an evidentiary hearing.

On May 16, 2017, Petitioner filed the pending "Addendum" in support of the Rule 60(b)(3) motion. (Doc. No. 94). He argues that counsel was ineffective for failing to hire a forensic expert

and/or properly seek exclusion of unreliable blood evidence with regards to Counts (6) and (7). On August 7, 2017, he filed the pending Motion seeking an evidentiary hearing regarding the Rule 60(b)(3) claim of newly discovered DNA evidence. (Doc. No. 96).

## II. LEGAL STANDARDS

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d

496, 501 (4th Cir. 2011); <u>Werner v. Carbo</u>, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing <u>Compton</u>, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). <u>Werner</u>, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." <u>Dowell v. State Farm Fire Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." <u>Winestock</u>, 340 F.3d at 207; <u>see also</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

## III. DISCUSSION

Petitioner argues that these § 2255 proceedings should be re-opened pursuant to Rule 60(b)(3) and (6) because the Court failed to adequately address all of the § 2255 claims, and because newly discovered DNA evidence warrants relief.

As a preliminary matter, the Rule 60(b) motions would be time-barred. Petitioner did not file his Rule 60(b)(3) motion within one year of the Order denying § 2255 relief. Nor did he file his Rule 60(b)(6) motion within a reasonable time; his claim of newly discovered evidence is belied by the record which indicates that his DNA claim is not new.

Moreover, the Motions that purportedly seek Rule 60(b) relief are actually unauthorized successive § 2255 Motions to Vacate. Petitioner does not seek to remedy some defect in the § 2255 proceedings, rather, he attempts to re-litigate the claims presented in his § 2255 Motion to Vacate and assert new arguments in support of § 2255 relief. These claims are, in substance, successive § 2255 claims. See Gonzalez, 545 U.S. at 531. Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion to vacate. Therefore, the present Rule 60(b) Motions are construed as unauthorized successive § 2255 Motions to Vacate over which the Court lacks jurisdiction, and the Motion for an evidentiary hearing on those claims is denied as moot.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Motions for Rule 60(b) relief are construed as unauthorized successive § 2255 Motions to Vacate that are dismissed for lack of jurisdiction, and the Motion seeking an evidentiary hearing on his claim of newly discovered DNA evidence is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Rule 60(b) Motions (Doc. Nos. 91, 92, 94), are construed as unauthorized successive § 2255 Motions to Vacate and are **DISMISSED** for lack of jurisdiction.

2.  Petitioner's Motion for an Evidentiary Hearing, (Doc. No. 96), is **DENIED** as moot.

Signed: May 17, 2018

Frank D. Whitney
Chief United States District Judge