UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-cv-41-FDW
(5:03-cr-4-FDW-DSC-8)

| | |
|---|---|
| **RODERICK LAMAR WILLIAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Alter or Amend Judgment Entered on May 17, 2018, Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, (Doc. No. 99), that was filed on June 11, 2018. He asks the Court to reconsider its May 17, 2018, Order dismissing various motions seeking to re-open and reconsider the 28 U.S.C. § 2255 proceedings. (Doc. No. 98); see (Doc. Nos. 91, 92, 94, 96).

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

On May 19, 2008, Petitioner filed a § 2255 Motion to Vacate in the instant case, raising multiple claims of ineffective assistance of trial and appellate counsel. (Doc. No. 1). The Court

1

denied the petition on the merits, Williams v. United States, 2012 WL 4804898 (W.D.N.C. Oct. 9, 2012), and the Fourth Circuit dismissed his appeal, United States v. Williams, 527 Fed. Appx. 261 (4th Cir. June 10, 2013). After pursuing a number of fruitless § 2255 petitions in separate civil cases, Petitioner filed motions seeking to re-open the instant case based on Rule 60(b) of the Federal Rules of Civil Procedure. He argued that the Court failed to address several claims when it denied his § 2255 petition in 2008 and that newly discovered evidence of DNA testing errors warrant an evidentiary hearing. On May 17, 2018, the Court construed the motions for Rule 60(b) relief as unauthorized second or successive § 2255 petitions that were dismissed for lack of jurisdiction, and the motion for an evidentiary hearing was denied as moot. (Doc. No. 98).

Petitioner presently contends that the newly discovered evidence reveals that the Government engaged in misconduct and discovery violations in the § 2255 proceedings in the instant case, that he pursued the newly discovered evidence diligently, and that he should be permitted to raise the newly discovered evidence at this time so that he can receive fair consideration of his § 2255 claims.

The procedural histories in this case and in Petitioner's other post-conviction cases indicate that he is attempting to circumvent § 2255's prohibition against successive filings by attempting to reopen this long-closed and final post-conviction case. See 28 U.S.C. § 2255(h). Petitioner's characterization of his claim of newly discovered evidence as one of procedural error in the § 2255 proceeding does not make it so. He seeks to introduce new, substantive evidence attacking his criminal conviction. Should he wish to present his claim of newly discovered evidence, he must first receive leave from the Fourth Circuit to do so. His attempt to circumvent this procedure by re-opening the instant case to present allegedly newly discovered evidence, is rejected.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Alter or Amend Judgment Entered on May 17, 2018, Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, (Doc. No. 99), is **DENIED**.

Signed: June 20, 2018

Frank D. Whitney
Chief United States District Judge