UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-cv-41-FDW
5:03-cr-4-FDW-DSC-8

| | |
|---|---|
| **RODERICK LAMAR WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals for further proceedings on Petitioner's Motions for Reconsideration pursuant to Rules 60(b)(3) and Rule 59(e). See (Doc. No. 104).

On May 19, 2008, Petitioner filed a § 2255 Motion to Vacate in the instant case, raising multiple claims of ineffective assistance of trial and appellate counsel. (Doc. No. 1). The Court denied the petition on the merits, Williams v. United States, 2012 WL 4804898 (W.D.N.C. Oct. 9, 2012), and the Fourth Circuit dismissed Petitioner's appeal, United States v. Williams, 527 Fed. Appx. 261 (4th Cir. June 10, 2013).

After pursuing a number of fruitless § 2255 petitions in separate civil cases, Petitioner filed Motions seeking to reopen the instant case based on Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. Nos. 91, 92, 94, 96). He argued that the Court failed to address several claims when it denied his § 2255 petition in 2008 and that newly discovered evidence of DNA testing errors required an evidentiary hearing. On May 17, 2018, the Court found that the Motions seeking Rule 60(b) relief were, in essence, unauthorized second or successive § 2255 petitions and

1

dismissed for lack of jurisdiction. (Doc. No. 98). Petitioner filed a Rule 59(e) Motion for Reconsideration which was denied. (Doc. Nos. 99, 100).

The Fourth Circuit affirmed the portion of the Order dismissing the Rule 60(b)(6) motion but remanded for further consideration of Petitioner's claims for relief under Rule 60(b)(3).[1] The Court noted, in particular, that Petitioner should be granted the opportunity to address whether his Rule 60(b)(3) motion was timely filed.

The Court will afford Petitioner the opportunity to explain why his Rule 60(b)(3) motion is timely. See United States v. McRae, 793 F.3d 392, 401 (4th Cir. 2015). The Court will direct the Petitioner to file a Memorandum Addressing Limitations within **30 days** from entry of this Order which explains why his Rule 60(b)(3) motion is not time-barred. Failure to comply with this Order may result in dismissal of the Rule 60(b)(3) and Rule 59(e) Motions.

The Court determines that the United States Attorney should respond to Petitioner's Rule 60(b)(3) and 59(e) Motions. The Court will direct that the United States file an Answer or other responsive pleading within **30 days** after Petitioner's Memorandum Addressing Limitations is docketed, or, if Petitioner fails to timely file a Memorandum addressing Limitations, within **75 days** of this Order.

**IT IS, THEREFORE, ORDERED** that

(1) Petitioner shall file a Memorandum Addressing Limitations within **30 days** of this Order. The failure to comply may result in dismissal of the Rule 60(b)(3) and Rule 59(e) Motions.

(2) The United States shall file an Answer or other responsive pleading within **30 days**

---

[1] The Fourth Circuit declined to consider Petitioner's appeal of the denial of his Rule 59(e) motion.

after Petitioner's Memorandum Addressing Limitations is docketed, or, if Petitioner fails to file a Memorandum, within **75 days** of this Order.

Signed: April 23, 2019

Frank D. Whitney
Chief United States District Judge